**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HENRY MARQUIS WILKINS,

                                        Plaintiff,
   v.
                                                                     No. 8:20-CV-00116
SOARES, et al.,                                            (LEK/CFH)

                                        Defendants.
_____

**APPEARANCES:**

Henry Marquis Wilkins
19A3277
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910
Plaintiff pro se

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se, Henry Marquis Wilkins, an inmate currently incarcerated at Altona Correctional Facility in Altona, New York, commenced this action on February 4, 2020, by filing a complaint and, in lieu of paying this Court's filing fee, submitted a motion for leave to proceed in forma pauperis ("IFP"). See Dkt. Nos. 1, 2. On April 20, 2020, the Court administratively closed the case and provided plaintiff the opportunity to comply with the filing fee requirement. See Dkt. No. 8. On May 20, 2020, plaintiff filed a second IFP application. See Dkt. No. 9. The undersigned has reviewed plaintiff's

1

second IFP application and has determined that plaintiff financially qualifies to proceed IFP.[1]

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

### B. Plaintiff's Complaint

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 against Albany County District Attorney David Soares ("Soares"), former Assistant District Attorney

Jasper Mills ("Mills"), and former Albany County Court Judge Stephen Herrick ("Herrrick").  See Dkt. No. 1 ("Compl.") at 2.  The complaint lists numerous facts relating to plaintiff's 2016 arrest and indictment for two counts of attempted murder.  See id.  Plaintiff states he and his friend were arrested following a shooting that took place in July 2016.  See id.  He contends that eye-witness reports of the incident were inconsistent, including that one witness informed police that the suspects had fled the scene in a vehicle, but that the detective's statement indicates that plaintiff was inside a nearby home with his family members and friend when he arrived.  See id.  Plaintiff posits that "[d]ue to this evidence of [him] still being on the scene it was obvious that [he] nor [his] friend . . . could have been the shooter that fled in the vehicle."  Id.  Further, plaintiff challenges a statement made by Mills during the grand jury proceedings in which he purportedly informed a grand juror "that there would be more evidence presented that would be of substance."  Id.  However, plaintiff contends, "in fact[,] there was and would be nonand [sic] that [Mills] was only using a tactic of coerrcion [sic] to solidify a billed indictment . . . ."  Id.  Plaintiff states that his criminal case was dismissed on February 8, 2017.  See id. at 6.  Plaintiff alleges that, "[d]ue to these events[, he] suffered . . . mental anguish[,] stress[,] and suffering" when he was confined at Albany County Correctional Facility for seven months "for a crime [he] did not commit" because he "missed out on being there for [his] then 8 year old daughter for her birthday and holidays as well as the every day [sic] norm."  Id.  As relief, plaintiff requests that "the [C]ourt . . . compensate [him] for the misjustices that were enacted against [him] as well as money spent living in the harsh county jail conditions as far as

being able to eat decent food out of the overly expensive commissary with money provided by [his] family." Id.

### C. Analysis

Generously construed, the complaint alleges claims of malicious prosecution against Mills pursuant to 42 U.S.C. § 1983 and state law intentional infliction of emotional distress. See Compl. at 2, 6. He also seeks to bring a claim, apparently pursuant to state law, against Judge Herrick for declining to dismiss his case

### 1. Mills and Soares

The Eleventh Amendment protects states against suits brought in federal court. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). The immunity granted the states under the Eleventh Amendment extends beyond the states themselves to state agents and instrumentalities that are effectively arms of the state. See Woods v. Rondout Valley Cent. School Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."). A district attorney or assistant district attorney is acting as a state official when he or she acts as a prosecutor. See D'Alessandro v. City of New York, 713 F. App'x 1, 8 (2d Cir. 2017) (summary order) ("[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity."). However, "if a suit centers 'on the

6

administration of the district attorney's office'—that is, on the 'office policy' that the district attorney sets—then the district attorney is 'considered a municipal policymaker,' and the Eleventh Amendment does not immunize him from suit." Id. (quoting Ying Jing Gan, 996 F.2d at 536).

Here, affording the complaint the most generous construction possible, plaintiff challenges Mills' actions in the prosecution of his criminal case with respect to his purported statements to a grand juror; therefore, because plaintiff challenges Mills' action as a state official, Mills is entitled to Eleventh Amendment immunity. See D'Alessandro, 713 F. App'x at 8. Similarly, any claims plaintiff seeks to assert against Soares based on Mill's prosecution of the action would also be barred by the Eleventh Amendment. See D'Alessandro, 713 F. App'x at 8. Indeed, plaintiff does not advance any factual allegations from which the undersigned can plausibly infer that he is attempting to assert a claim against Soares based on his "administration" or "office polic[ies]" of the Albany County District Attorney's Office such that Soares would not be entitled to Eleventh Amendment immunity. D'Alessandro, 713 F. App'x at 8. In fact, despite plaintiff naming Soares as a defendant, he does not mention Soares in the body of the complaint or assert any factual allegations or claims against Soares; therefore, plaintiff has failed to allege Soares' personal involvement in any constitutional violation. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citations omitted)); see also Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) ("[S]upervisor liability in a [Section] 1983 action depends on a showing of some

7

personal responsibility, and cannot rest on respondeat superior." (internal quotation marks and citation omitted)).  Accordingly, it is recommended that the complaint be dismissed with prejudice and without opportunity to amend insofar as asserted against Mills and Soares.

### 2. Judge Herrick

Liberally construed, the complaint alleges that Herrick erred by declining plaintiff's request to dismiss his criminal case because it was clear that insufficient evidence existed to convict plaintiff.  See Compl. at 6.  In particular, plaintiff states that he "tried to get [Herrick] to dismiss the case due to interest of justice but was not successful.  Only when Judge Carter took over the case and saw at [his] suppression hearing that there was more than enough to see [he] was innocent did [his criminal] case get dismissed . . . ."  Id.

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions.  See Mireles v. Waco, 502 U.S. 9, 10-11 (1991).  "Judicial immunity has been created . . . 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independe`nce and without fear of consequences.'"  Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2005) (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)).  "[Judicial] immunity applies even when the judge is accused of acting maliciously or corruptly."  Imbler v. Pachtman, 424 U.S. 409, 418 n.12 (1976) (quoting Pierson, 386 U.S. at 554).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just immunity from ultimate assessment of damages."  Mireles, 472 U.S. at 11.  The only

8

two circumstances in which judicial immunity does not apply are when a judge takes action (1) "not in [his or her] judicial capacity" (i.e. outside of the judge's judicial capacity), and (2) that, although judicial in nature, is taken "in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 11, 12.

Here, plaintiff, at most, alleges error in Judge Herrick's judicial decision making for declining to dismiss his attempted murder case.  See Compl. at 6.  Even assuming plaintiff intends to allege that Judge Herrick did so with malicious or corrupt intent, Judge Herrick would still be entitled to absolute immunity.  See Pierson, 386 U.S. at 554; see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (internal quotation marks and citations omitted)).  Moreover, plaintiff cannot plausibly contend that, in declining his request to dismiss his felony case, Judge Herrick—a former County Court Judge—either acted outside of his judicial capacity or in the complete absence of any jurisdiction.  See Mireles, 502 U.S. at 11-12; see also N.Y. Crim Proc. Law §§ 10.10(2)(b) & 10.20(1)(a) (a County Court is a Superior Court, and Superior Courts have jurisdiction to try felonies).  Thus, because Judge Herrick is entitled to absolute immunity, it is recommended that the complaint be dismissed with prejudice and without opportunity to amend insofar as asserted against Judge Herrick.

### 3. Leave to Amend

When addressing a pro se complaint, a district court generally "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, the court is not required to grant leave to amend when doing so would be futile. See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, "[t]he problem[s] with [plaintiff's] causes of action [are] substantive[,] better pleading will not cure [them]"; therefore, any attempt to amend would be futile. Id. Accordingly, it is recommended that plaintiff's complaint be dismissed in its entirety with prejudice and without opportunity to amend.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's second application to proceed IFP (Dkt. No. 9) be **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that this action be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**, except for plaintiff's state law claim, which is dismissed without prejudice to its renewal in an appropriate state forum[2]; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

---

[2] The Court makes no finding as to whether plaintiff can properly proceed on this claim in state court.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[3]

Dated: May 26, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).