UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HENRY MARQUIS WILKINS,

Plaintiff,

-against- 8:20-CV-0116 (LEK/CFH)

DAVID SOARES, *et al.*,

Defendants.

**DECISION AND ORDER**

## I. INTRODUCTION

Pro se plaintiff Henry Marquis Wilkins, an inmate at Altona Correctional Facility, brought this action in forma pauperis ("IFP") under 42 U.S.C. § 1983[1] and New York law against Albany County District Attorney David Soares, former Albany County Assistant District Attorney Jasper Mills, and former Albany County Court Judge Stephen Herrick. Dkt. Nos. 1 ("Complaint"); 2 ("First IFP Application"); 3 ("First Inmate Authorization Form"). Plaintiff's First IFP Application was denied as incomplete and the action was administratively closed. Dkt. No. 8 ("January 2020 Order"). Plaintiff then timely filed a new IFP application, Dkt. No. 9 ("Second IFP Application"), and inmate authorization form, Dkt. No. 10 ("Second Inmate Authorization Form"). Given these new submissions, the Court re-opened the case. Dkt. No. 11 ("May 2020 Text Order").

[1] "42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. Id. (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived him of a federal right." Id.

On May 27, 2020, the Honorable Christian F. Hummel, United States Magistrate Judge, granted Plaintiff's Second IFP Application, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B), and issued a report-recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt No. 12 ("Report-Recommendation" and "Order"). Construing Plaintiff's Complaint liberally, Judge Hummel found that Plaintiff asserted the following claims against Soares and Mills: (1) malicious prosecution under § 1983 and (2) intentional infliction of emotional distress under New York law. See R. & R. at 6. The Magistrate Judge also construed a state law claim against Herrick for failing to dismiss Plaintiff's case.[2] See id. While Judge Hummel recommended that the Court dismiss with prejudice Plaintiff's § 1983 claims against Soares and Mills because of sovereign immunity, he also recommended that the Court dismiss without prejudice Plaintiff's state law claims against Soares, Mills, and Herrick so that Plaintiff could replead those claims in state court. See id. at 6–10.

On June 3, 2020, Plaintiff filed an objection to the Report-Recommendation. Dkt. No. 13 ("Objection").

For the reasons that follow, the Court adopts the Report-Recommendation in part and modifies it in part.

## II. BACKGROUND

The Court draws all facts, which are assumed to be true, from the Complaint. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012).

---

[2] The Report-Recommendation does not define the claim against Herrick, likely because any claim against Herrick is barred in federal court by judicial immunity. See id. at 6, 8–9.The Court need not define the claim against Herrick for the same reason.

Plaintiff's claims stem from grand jury proceedings in 2016 during which he was indicted on two counts of attempted murder. Compl. at 2.[3] Plaintiff alleges that the indictment was tainted for two reasons. See id.

First, the indictment was predicated on non-credible eye-witness testimony. See id. More specifically, a purported eye witness to the attempted murders testified before the grand jury that he saw someone shooting, that Plaintiff was there, and that he saw the "assailants" flee the area in an "unknown vehicle." Id. However, a detective assigned to investigate the shootings issued a statement indicating that he had spoken with Plaintiff at the time Plaintiff supposedly fled the crime scene. Id. That conversation occurred at a relative's home near the location of the shootings. Id. "Due to this evidence of [Plaintiff] still being on the scene it was obvious that [he] . . . could [not] have been the shooter that fled in the vehicle." Id.

Second, Plaintiff avers that the indictment was based on an improper statement Mills made to the grand jury. See id. During the proceedings, Mills informed a grand juror "that there would be more evidence presented that would be of substance." Id. Yet, since Mills presented no such evidence, Mills's statement amounted to nothing more than "a tactic of coerrcion [sic] to solidify a billed indictment . . . ." Id.

At some point after Plaintiff was indicted, a criminal case ensued against him during which he was imprisoned at Albany County Correctional Facility for seven months. See id. Plaintiff "suffered . . . mental anguish[,] stress[,] and suffering" for being incarcerated "for a crime [he] did not commit." Id. While in jail, Plaintiff "missed out on being there for [his] then 8

[3] Citations refer to the pagination generated by CM/ECF, the Court's electronic filing system.

year old daughter for her birthday and holidays as well as the everyday norm." Id. Plaintiff "tried to get [Herrick] to dismiss the case due to interest of justice but was not successful." Id. at 6. However, on February 8, 2017, a judge not a party to this action finally dismissed the criminal case against Plaintiff. See id.

Plaintiff seeks compensation "for the misjustices that were enacted against [him] as well as money spent living in the harsh county jail conditions as far as being able to eat decent food out of the overly expensive commissary with money provided by [his] family." Id.

## III. STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**B. Sections 1915(e)(2)(B) and 1915A(b)**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain a complaint. See id.

Likewise, under 28 U.S.C. § 1915A(a)–(b), a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." § 1915A(a)–(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both §§ 1915 and 1915A are available to evaluate prisoner pro se complaints).

A court may not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

A court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

## IV. DISCUSSION

Plaintiff's Objection makes no direct argument about the Magistrate Judge's findings and instead seeks to amend his Complaint by asserting a new claim against Soares in his capacity as a municipal policymaker. See Obj. at 1. Thus, the Court reviews the Report-Recommendation for clear error. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3454099, at *1 (N.D.N.Y. July 31, 2019) (Kahn, J.) (observing that clear error review is warranted when the objections do not directly address the magistrate judge's findings), appeal dismissed by No. 19-2632, 2019 WL 6218814 (2d Cir. Oct. 30, 2019). While it finds none, the Court will modify Judge Hummel's recommendation that the Court dismiss Plaintiff's § 1983 claim against Soares with prejudice.

In the Report-Recommendation, Judge Hummel construed the Complaint to bring claims against Soares in his official capacity. R. & R. at 6–8. The Magistrate Judge therefore concluded that those claims were barred under the principle of sovereign immunity embodied in the Eleventh Amendment, id., which prohibits individuals from seeking monetary relief in federal court from a state official in his or her official capacity, see Lewis v. Hanson, No. 18-CV-12, 2020 WL 1812556, at *5 (N.D.N.Y. Apr. 9, 2020) (Kahn, J.) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)).

Despite Judge Hummel's determination that Soares had immunity from Plaintiff's original claims, Plaintiff has included a new claim in his Objection against Soares that would not be barred by sovereign immunity. In his Objection, Plaintiff asserts that Soares is not liable to him as a prosecutor, but rather as a municipal policymaker. See Obj. at 1. "If a district attorney . . . acts as a prosecutor, [he] is an agent of the State, and therefore immune from suit in [his] official capacity." D'Alessandro v. City of New York, 713 F. App'x 1, 8 (2d Cir. 2017) (citing Ying Jing Gan, 996 F.2d at 536; Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988)). That said, if the lawsuit "centers 'on the administration of the district attorney's office'—that is, on the 'office policy' that the district attorney sets—then the district attorney is 'considered a municipal policymaker,' and the Eleventh Amendment does not immunize him from suit." Id. (quoting Ying Jing Gan, 996 F.2d at 536).

Although the Court need not consider new claims raised in Plaintiff's Objection, the Court, in deference to Plaintiff's pro se status, will analyze whether Plaintiff has plausibly pled a claim against Soares as a municipal policymaker. See Rogers v. CPS, No. 20-CV-75, 2020 WL 2059824, at *3 (N.D.N.Y. Apr. 29, 2020) (Kahn, J.) (considering whether pro se plaintiff had

sufficiently stated a claim based on new allegations made in the plaintiff's objections to a report-recommendation).

Suits against district attorneys as municipal policymakers are analyzed under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978), and its progeny. See, e.g., D'Alessandro, 713 F. App'x at 10 (analyzing a claim against a district attorney under Monell for his "alleged failure to properly train his subordinates in their constitutional duties"). In order to sustain a § 1983 claim against a district attorney as a municipal policymaker, a plaintiff must show that he suffered a constitutional violation and that the violation resulted from an identified municipal policy or custom. Monell, 436 U.S. at 694–95. A municipal policy or custom may be established where the facts show: (1) a formal policy, officially promulgated by the municipality, id. at 690; (2) an action taken by an official who is responsible for establishing municipal policies with respect to the subject matter in question, Pembaur v. City of Cincinnati, 475 U.S. 469, 483–84 (1986); (3) an unlawful practice by subordinate officials so permanent and widespread as to practically have the force of law, City of St. Louis v. Praprotnik, 485 U.S. 112, 127–30 (1985); or (4) a failure to train, supervise, or discipline that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

Plaintiff's allegations in the Complaint are insufficient to state a claim against Soares under Monell. Plaintiff does not identify a policy or custom that Soares created, let alone one that violated Plaintiff's constitutional rights. Furthermore, to the extent Plaintiff avers that Soares may be liable for Mills's conduct during the grand jury proceedings, "[t]he unconstitutional conduct of a single prosecutor does not give rise to municipal liability." See Bertuglia v. City of

New York, 133 F. Supp. 3d 608, 649 (S.D.N.Y. 2015) (citing Harris, 489 U.S. at 386 (1989)), aff'd sub nom. Bertuglia v. Schaffler, 672 F. App'x 96 (2d Cir. 2016); see also DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." (citation omitted)). Consequently, the Court dismisses Plaintiff's claim against Soares pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

Nevertheless, because Plaintiff's Objection contains a new claim not found in the original Complaint, the Court will provide Plaintiff with an opportunity to file an amended complaint regarding his claim against Soares. See Sanders v. Long Island Newsday, No. 09-CV-2393, 2010 WL 3419659, at *3 n.2 (E.D.N.Y. Aug. 27, 2010) (allowing a pro se plaintiff to replead claims that the magistrate judge concluded should be dismissed with prejudice because the plaintiff made new allegations supporting those claims in his objections to the magistrate judge's report-recommendation).

If Plaintiff wishes to amend his Complaint, he must file an amended complaint that complies with Federal Rule of Civil Procedure 15. Any amended complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction. Any amended complaint must also be signed by Plaintiff and comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **MODIFIED** to the extent that it recommends dismissal of Plaintiff's claim against Soares with prejudice. The Report-Recommendation is otherwise **APPROVED and ADOPTED**; and it is further

**ORDERED**, that Plaintiff's § 1983 claim against Soares is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that Plaintiff's § 1983 claim against Mills is **DISMISSED with prejudice** under the Eleventh Amendment; and it is further

**ORDERED**, that Plaintiff's state law claims against Soares, Mills, and Herrick are **DISMISSED without prejudice** under the Eleventh Amendment so that Plaintiff may replead them in state court; and it is further

**ORDERED**, that Soares, Mills, and Herrick are **TERMINATED** as defendants in this action; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above within **thirty days** of filing date of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment without further order of this Court indicating that this action is

**DISMISSED pursuant** to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by Plaintiff to the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk that does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 18, 2020
Albany, New York

Lawrence E. Kahn
U.S. District Judge