**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HENRY MARQUIS WILKINS,

                      Plaintiff,
     v.
                                                                    No. 8:20-CV-116
SOARES, et al.,                                            (LEK/CFH)

                      Defendants.
_____

**APPEARANCES:**

Henry Marquis Wilkins
19A3277
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. Procedural Background

On May 27, 2020, the undersigned issued a Report-Recommendation & Order granting plaintiff's application to proceed in forma pauperis and recommending that plaintiff's claims be dismissed. See Dkt. No. 12. In particular, the undersigned construed plaintiff's complaint liberally as asserting the following claims against Albany County District Attorney David Soares ("Soares"), former Albany County Assistant District Attorney Jasper Mills ("Mills", and former Albany County Court Judge Stephen Herrick ("Judge Herrick"): (1) malicious prosecution under 42 U.S.C. § 1983 and (2) intentional infliction of emotional distress under New York law. See id. at 6. The

undersigned also noted that plaintiff attempted to assert, apparently pursuant to state law, a claim against Judge Herrick for declining to dismiss his case.  See id.  The undersigned recommended that the Court dismiss (1) plaintiff's section 1983 claims against Soares and Mills with prejudice because they were barred under the doctrine of sovereign immunity; (2) section 1983 claims Judge Herrick as barred by judicial immunity; and (3) plaintiff's state law claims against Soares, Mills, and Judge Herrick without prejudice so that plaintiff could replead those claims in state court.  See id. at 6-10.  On June 3, 2020, plaintiff filed objections to the undersigned's Report-Recommendation & Order.  See Dkt. No. 13.  In his objections, plaintiff did not direct any arguments to the undersigned's Report-Recommendation & Order; rather, plaintiff set forth a new claim against Soares in his official capacity as a municipal policymaker ("plaintiff's Monell claim").  See Dkt. No. 13 at 1.

On July 18, 2020, U.S. District Court Judge Lawrence E. Kahn accepted the Report-Recommendation & Order, in part, and modified it, in part.  See Dkt. No. 14 at 10.  As relevant here, Judge Kahn observed that plaintiff's Monell claim against Soares in his official capacity as a municipal policymaker was not barred by the doctrine of sovereign immunity and, therefore, modified the undersigned's Report-Recommendation & Order to dismiss plaintiff's section 1983 claim against Soares without prejudice.  See Dkt. No. 14 at 6, 10.  Judge Kahn then reviewed plaintiff's Monell claim against Soares and concluded that plaintiff failed to plausibly assert a claim based on plaintiff's newly proffered allegations contained in his objections.  See id. at 8-9.  However, Judge Kahn provided plaintiff with an "opportunity to file an amended complaint regarding his [Monell] claim against Soares."  Id. at 9 (citation

omitted). On August 21, 2020, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") and an amended complaint. See Dkt. Nos. 18, 20 ("Amen. Compl."). On October 19, 2020, plaintiff filed a letter motion requesting certain discovery. See Dkt. No. 23.

## II. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

F<small>ED</small>. R. C<small>IV</small>. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

### III. Plaintiff's Amended Complaint

Plaintiff's amended complaint states that, during the grand jury proceeding pertaining to his attempted murder charges, "an informant testified that [plaintiff] was at

a certain location where a shooting took place but never named [plaintiff] as the shooter," and "that the shooter(s) fled in a vehicle." Amen. Compl. at 4. However, plaintiff alleges, "[e]xpert testimony from detectives working [his criminal] case state[d] that [plaintiff] was in a residence on the scene minutes after [the] shooting." Id. He posits that "these facts were not taken into consideration by the competent officials therefore violating his due process rights." Id. Plaintiff contends that, "[d]uring his grand jury hearing no harmless [and] reversible error measures were taken by cautioning jurors about how to evaluate such informant testimony." Id. at 5. Plaintiff also re-asserts his previously dismissed allegations concerning Mills' alleged use of coercion at the grand jury proceedings. See id. at 4. Plaintiff posits that the Fourth Amendment "says that when informant testimony is inconsistent with expert testimony based on data that rule of governing expert testimony mandate [sic] the exclusion of that testimony of unreliable opinion." Id. Plaintiff also reasserts his state law claim for intentional infliction of emotional distress and asserts a new claim under New York law for defamation based on the "Albany Police Facebook putting [his] face on the internet for murder intentions." Id.

### IV. Analysis

### 1. Plaintiff's Amended Pleadings

Affording the amended complaint the most liberal construction possible, plaintiff appears to allege that the state court erred by failing to properly instruct the grand jurors and allowing unreliable opinion evidence in the form of the informant's testimony because that testimony was inconsistent with the testimony of the detectives. See

6

Amen. Compl. at 4-5.  Plaintiff appears to contend that this purported error resulted in his indictment, and ultimately his incarceration, for attempted murder, which violated his Fourth Amendment right to be free from unlawful seizure.  See id.  Plaintiff does not direct this claim against any of the named defendants.  See id.  However, liberally construed, it appears that plaintiff is attempting to reassert his original claim for malicious prosecution pursuant to 42 U.S.C. § 1983 for a violation of his Fourth Amendment rights against Judge Herrick and/or the prosecutors, Soares and/or Mills.  See id.

Insofar as plaintiff is attempting to reassert his malicious prosecution claims pursuant to section 1983 against Soares, Mills, and/or Judge Herrick, his claims are dismissed for the same reasons set forth in the May 2020 Report-Recommendation & Order—that plaintiff's claims against Milles and Soares are barred by Eleventh Amendment immunity, and Judge Herrick is entitled to judicial immunity.  See Dkt. No. 12 at 6-10.  As noted above, the Court afforded plaintiff an opportunity to file an amended complaint in order to attempt to plead sufficient facts to support a Monell claim against Soares; however, plaintiff's amended complaint contains no facts or allegations in that regard.  See Amen. Compl. at 4-5; Dkt. No. Dkt. No. 14 at 6, 9, 10.  Accordingly, it is recommended that plaintiff's amended complaint be dismissed, in its entirety, with prejudice.

### 2. Leave to Amend

"[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks and citation omitted). However, the court is not required to grant leave to amend when doing so would be futile. See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, "[t]he problem with [plaintiff's] causes of action is substantive [and] better pleading will not cure it"; therefore, any attempt to amend would be futile. Id. Further, the Court has already afforded plaintiff an opportunity to amend his complaint once to attempt to sufficiently state a Monell claim against Soares, which he has failed to do. See Amen. Compl. at 4-5; Dkt. No. Dkt. No. 14 at 6, 9, 10. Accordingly, it is recommended that plaintiff's complaint be dismissed in its entirety with prejudice and without opportunity to amend.

## V. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's application to proceed IFP (Dkt. No. 18) be **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that this action be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**, except for plaintiff's state law claims, which are dismissed without prejudice to their renewal in an appropriate state forum[1]; and it is further

**RECOMMENDED**, that plaintiff's letter motion requesting discovery (Dkt. No. 23) be **DENIED**; and it is

---

[1] The Court makes no finding as to whether plaintiff can properly proceed on these claims in state court.

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed .R. Civ. P. 72 & 6(a).

Dated: October 27, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge