UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HENRY MARQUIS WILKINS,

                  Plaintiff,

-against-                                                    8:20-CV-0116 (LEK/CFH)

DAVID SOARES, *et al.*,

                  Defendants.

_____

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Henry Marquis Wilkins brings this pro se civil rights action against Albany County (the "County"), County District Attorney David Soares, the State of New York, and the City of Albany. See Docket; see also Dkt. No. 1 ("Complaint").

On October 27, 2020, the Honorable Christian F. Hummel, United States Magistrate Judge, recommended that: (1) Plaintiff's application to proceed in forma pauperis, Dkt. No. 18 ("IFP Application"), be granted; (2) this action be dismissed with prejudice and without opportunity to amend; and (3) that Plaintiff's letter motion requesting discovery, Dkt. No. 23 ("Letter Motion"), be denied. See Dkt. No. 24 ("October 2020 Report-Recommendation") at 8. Plaintiff timely objected to the October 2020 Report-Recommendation. See Dkt. No. 25 ("Objections").

For the reasons that follow, the Court adopts the Report-Recommendation.

**II.    BACKGROUND**

    **A.  Factual History**

Plaintiff's factual allegations are summarized in the October 2020 Report-Recommendation, familiarity with which is assumed. For convenience, the Court briefly

summarizes them here.

An informant testified to a grand jury considering attempted murder charges against Plaintiff that Plaintiff was present at the scene of the shooting. See Dkt. No. 20 ("Amended Complaint") at 4. An expert testified that Plaintiff was in a residence "minutes after [the] shooting," but "these facts were not taken into consideration by the [competent] officials therefore violating [Plaintiff's] due process [rights]." Id. Plaintiff was ultimately indicted on two counts of attempted murder. See id.

### B. Procedural History

Plaintiff initiated this action on February 3, 2020. See Docket. On May 27, 2020, Judge Hummel recommended dismissal of Plaintiff's federal claims with prejudice and dismissal of Plaintiff's state claim without prejudice. See Dkt. No. 12 (the "May 2020 Report-Recommendation"). On June 18, 2020, this Court modified the May 2020 Report-Recommendation, ordering that the dismissal of Plaintiff's 42 U.S.C. § 1983 claim against Soares is without prejudice. See Dkt. No. 14 ("June 2020 Order").

Plaintiff filed an amended complaint on August 21, 2020. See Am. Compl. On October 19, 2020, Plaintiff filed the Letter Motion. See Docket. Judge Hummel issued the October 2020 Report-Recommendation on October 27, 2020, recommending dismissal with prejudice and without opportunity to amend. See id. Plaintiff filed the Objections on November 4, 2020. See id.

### III. LEGAL STANDARD

### A. Review Under 28 U.S.C. § 1915

Where, as here, a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

### B. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." § 636(b).

## IV.    DISCUSSION

Plaintiff's Objections are directed solely at the County's liability. See generally Objs. Though the County is named as a defendant in the Amended Complaint, the June 2020 Order permitted Plaintiff to amend his Complaint only "regarding his claim against Soares." June 2020 Order at 9. Because Plaintiff was not authorized to assert a claim against the County in the Amended Complaint, the Court dismisses the Objections.

The Court reviews the portions of the October 2020 Report-Recommendation to which Plaintiff did not object solely for clear error and finds none.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the October 2020 Report-Recommendation (Dkt. No. 24) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Objections (Dkt. No. 25) are **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's IFP Application (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 20) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's letter motion requesting discovery (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	May 26, 2021
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge